**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

FILED
JAN 0 7 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 C 7069 |
| | ) | |
| ATLANTIC VIDEO, et al., | ) | Hon. Amy J. St. Eve |
| | ) | |
| Defendants. | ) | Magistrate Judge Keyes |
| | ) | |
| RAJESH BANSAL, | ) | |
| | ) | |
| Defendant-Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIA EMPORIUM, INC., And | ) | |
| SHARAD SHAH | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

DOCKETED
JAN 15 2004

## NOTICE OF MOTION

To:   William M. Poppe, Esq.          Sharad Shah
      Poppe & Bhouraskar, LLP         23377 Golden Spring Drive
      Suite 7315                      Diamond Bar, CA 91765
      350 Fifth Avenue
      New York NY 10118

      Gerald L. Berlin, Esq
      222 N. Columbus Drive
      Suite 4102
      Chicago, IL 60601

PLEASE TAKE NOTICE that on January 14, 2003, at 9:00 AM, the undersigned shall appear before the Hon. Amy J. St. Eve or any judge sitting in her place and stead in Room 1241 in the United States Courthouse at 219 S. Dearborn, and then and there present MOTION OF DEFENDANT, THIRD-PARTY PLAINTIFF RAJESH BANSAL TO STRIKE AFFIRMATIVE

DEFENSES 1 THROUGH 13 OF THIRD-PARTY DEFENDANT INDIA SHARAD SHAH d/b/a INDIA EMPORIUM a copy of which is herewith served upon you.

RAJESH BANSAL

By: _____
One Of Her Attorneys

John W. Moore
John C. Spieske
Moore & Spieske, P.C.
Attorneys for Rajesh Bansal
20 S. Clark, Ste. 2210
Chicago, IL 60603
(312) 419-1140

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he caused the forgoing NOTICE OF MOTION to be served on the following individuals by mailing a copy of this motion, by first class mail from Loop Station, Chicago, Illinois, on January 7, 2004.

William M. Poppe, Esq.
Poppe & Bhouraskar, LLP
Suite 7315
350 Fifth Avenue
New York NY 10118

Gerald L. Berlin, Esq
222 N. Columbus Drive
Suite 4102
Chicago, IL 60601

Sharad Shah
23377 Golden Spring Drive
Diamond Bar, CA 91765

John C. Spieske

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 C 7069 |
| | ) | |
| ATLANTIC VIDEO, et al., | ) | Hon. Amy J. St. Eve |
| | ) | |
| Defendants. | ) | Magistrate Judge Keyes |
| | ) | |
| RAJESH BANSAL, | ) | |
| | ) | |
| Defendant-Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIA EMPORIUM, INC., And SHARAD SHAH | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

### MOTION OF DEFENDANT, THIRD-PARTY PLAINTIFF RAJESH BANSAL TO STRIKE AFFIRMATIVE DEFENSES 1 THROUGH 13 OF THIRD-PARTY <u>DEFENDANT INDIA SHARAD SHAH d/b/a INDIA EMPORIUM</u>

Defendant, Third-Party Plaintiff, Rajesh Bansal, by her attorneys John W. Moore and John C. Spieske of Moore & Spieske, P.C., moves this Court pursuant to Fed. R. Civ. P. 12(f), to strike affirmative defenses 1 through 13 of Third-Party Defendant Sharad Shah d/b/a India Emporium in this cause.

In Support of her motion, Rajesh Bansal ("Movant") states:

1. On November 19, Movant filed a third-party complaint naming India Emporium, Inc., and Sharad Shah as third-party defendants. India Emporium is one of plaintiff's "authorized distributors," is owned by Shah and supplied allegedly infringing material to Bansal. This third-party

action was filed within 10 days of her answer and, thus, as a matter of right.

2. Third-party defendant Sharad Shah (hereinafter "Shah"), in his individual capacity and as d/b/a India Emporium, served Movant with an answer to the third party complaint which contained thirteen alleged affirmative defenses. A copy of the answer is attached as "Exhibit 1."

3. In Shah's answer to Movant's third party complaint, Shah, admits that based on "Exhibit A" of the third party complaint, Yash Raj Films (USA) Inc., has filed an amended complaint against Rajesh Bansal, and Shah admits that he is a citizen of California. To all other allegations of the third party complaint, Shah answers that he lacks sufficient information to respond to the allegations set forth in the complaint, and based on such lack of information, generally and specifically denies the allegations.

4. Under notice pleading, affirmative defenses need only apprise the plaintiff of the nature of the defense, but to do so, the affirmative defenses must meet the pleading requirements of Fed. R. Civ. P. 8(a). *See* Flasza v. TNT Holland Motor Express, Inc., 155 F.R.D. 612, 613 (N.D. Ill. 1994).

5. The purpose of Fed. R. Civ. P. 8(c) is to give the opposing party fair notice of the affirmative defense and a chance to rebut it. Servpro Industries, Inc. v. Schmidt, 905 F. Supp. 475, 483 (N.D.Ill 1995).

6. "If an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations' it must be stricken." Flasza v. TNT Holland Motor Express, Inc., 155 F.R.D. 612, 613-614 (N.D. Ill. 1994).

### SHAH'S FIRST AFFIRMATIVE DEFENSE

7. Shah's first affirmative defense sets forth only, "[T]hese answering Defendant alleges that Plaintiff has failed to state a cause of action against the answering Defendant and that relief

should be denied."

8. Shah's first affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

9. Shah's first affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S SECOND AFFIRMATIVE DEFENSE

10. Shah's second affirmative defense is titled "Declaratory Relief" and in its entirety states, "[A]s a second and separate affirmative defense, the answering Defendant asks for declaratory relief as to the actual controversy and the respective rights and duties of each party involved herein."

11. This is not a matter which constitutes an avoidance or affirmative defense as set forth by Fed. R. Civ. P. 8(c).

12. If Shah's request for declaratory relief is deemed a counterclaim, he has failed to set forth any sort of statement of a claim which shows he is entitled to such relief.

13. Shah's second affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S THIRD AFFIRMATIVE DEFENSE

14. Shah's third affirmative defense is titled "Ratification" and in its entirety states, "[T]hat Plaintiff by their own conduct have ratified the acts of the answering Defendant and should now be precluded from asserting any cause of action against these answering Defendant."

15. Shah's third affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

16. Shah's third affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S FOURTH AFFIRMATIVE DEFENSE

17. Shah's fourth affirmative defense is titled "Waiver" and in its entirety states, "[T]hat Plaintiff by their own conduct have waived their right, if any, to seek the relief sought against the answering Defendant."

18. Shah's fourth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

19. Shah's fourth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S FIFTH AFFIRMATIVE DEFENSE

20. Shah's fifth affirmative defense is titled "Estoppel" and in its entirety states, "[T]hat Plaintiff has waived and are estopped and barred from alleging the matters set forth in the complaint."

21. Shah's fifth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

22. Shah's fifth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S SIXTH AFFIRMATIVE DEFENSE

23. Shah's sixth affirmative defense is titled "Laches" and in its entirety states, "[T]hat Plaintiff has been guilty of unreasonable delay and laches in asserting the alleged causes of action

herein and should now be precluded from asserting the same."

24. Shah's sixth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

25. Shah's sixth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S SEVENTH AFFIRMATIVE DEFENSE

26. Shah's seventh affirmative defense is titled "Failure to Mitigate Damages" and in its entirety states, "[I]f Plaintiff sustained any damages as alleged in the complaint, those damages were proximately caused and contributed to by Plaintiff in failing to mitigate the damages and diminish any recovery herein."

27. Shah's seventh affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

28. Shah's seventh affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S EIGHTH AFFIRMATIVE DEFENSE

29. Shah's eighth affirmative defense is titled "Unclean Hands" and in its entirety states, "[P]laintiff is barred from bringing any of the causes of action complained of in the complaint by reason of the equitable doctrine of unclean hands."

30. Shah's eighth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

31. Shah's eighth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S NINTH AFFIRMATIVE DEFENSE

32. Shah's ninth affirmative defense is titled "Statute of limitations " and in its entirety states, "[T]he complaint and each of its causes of action, are barred by the applicable statutes of limitation, including, but not limited to, *Code of Civil Procedure §§ 337, 339, 340, 343 and 344.*"

33. Shah's ninth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

34. Shah's ninth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S TENTH AFFIRMATIVE DEFENSE

35. Shah's tenth affirmative defense is titled "Intentional Conduct " and in its entirety states, "[T]he damages alleged by Plaintiff, if any, were proximately caused and contributed to by the Plaintiff's own intentional and wrongful conduct; and such conduct bars and/or proportionately reduces any recovery or right of restitution on the part of Plaintiff."

36. Shah's tenth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

37. Shah's tenth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S ELEVENTH AFFIRMATIVE DEFENSE

38. Shah's eleventh affirmative defense is titled "Apportionment of Fault" and in its

entirety states, "[T]he acts and/or damages alleged by Plaintiff, if any, were proximately caused and contributed to by the acts of one or more third parties and the damages or restitution, if any, should be apportioned among the parties according to their respective degrees of fault, if any."

39. Shah's eleventh affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

40. Shah's eleventh affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S TWELFTH AFFIRMATIVE DEFENSE

41. Shah's twelfth affirmative defense is titled "Set Off" and in its entirety states, "[T]he conduct of the Plaintiff in these matter has resulted in damages to Defendant in a sum or sums yet to be determined; to the extent that the conduct of the Defendant has caused or contributed to the damages suffered by Plaintiff, Defendant is entitled to a set off in the amount of their damages, as determined by the court."

42. Shah's twelfth affirmative defense is no more than a conclusory allegation that fails to provide Movant with fair notice of the defense; thus does not provide her with an opportunity to rebut the affirmative defense.

43. Shah's twelfth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

### SHAH'S THIRTEENTH AFFIRMATIVE DEFENSE

44. Shah's thirteenth defense is titled "F.R.C.P. 11" and contains conclusory allegations which track the language of Fed. R. Civ. P. 11(b)(1)-(4).

45. Shah's thirteenth affirmative defense fails to set forth an affirmative defense.

46. Shah's attempt to initiate sanctions pursuant to Fed. R. Civ. P. 11 does not comply with Fed. R. Civ. P. 11(c)(1)(A) in that it is not done in a separate motion and does not describe the specific conduct alleged to violate Fed. R. Civ. P. 11(b).

47. Shah's thirteenth affirmative defense to Movant's Third Party Complaint should therefore be stricken.

**WHEREFORE,** Defendant, Third-Party Plaintiff, Rajesh Bansal, prays that this Court strike affirmative defenses 1 through 13 of Third-Party Defendant India Sharad Shah d/b/a India Emporium and grant her such other or further relief as it deems proper.

RAJESH BANSAL

By: _____
One Of Her Attorneys

John W. Moore
John C. Spieske
Moore & Spieske, P.C.
Attorneys for Rajesh Bansal
20 S. Clark, Ste. 2210
Chicago, IL 60603
(312) 419-1140

# See Case File For Exhibits