IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASH RAJ FILMS (USA) INC. | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) 03 C 7069 |
| | ) |
| ATLANTIC VIDEO, et al., | ) Hon. Amy J. St. Eve |
|     Defendants. | ) |
| | ) |
| RAJESH BANSAL, | ) Magistrate Judge Keyes |
|     Defendant-Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| INDIA EMPORIUM, INC., And | ) |
| SHARAD SHAH | ) |
|     Third-Party Defendants. | ) |

**DOCKETED FEB 06 2004**

**FILED FEB 5 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

### NOTICE OF FILING

To: Gerald L. Berlin, Esq      William M. Poppe, Esq.
222 N. Columbus Drive      Poppe & Bhouraskar, LLP
Suite 4102      Suite 7315
Chicago, IL 60601      350 Fifth Avenue
     New York NY 10118

Sharad Shah
23377 Golden Spring Drive
Diamond Bar, CA 91765

PLEASE TAKE NOTICE that on February 5, 2004, the undersigned filed with the Clerk of the United States District Court For the Northern District of Illinois, Eastern Division, the attached Defendant, Third-Party Plaintiff Rajesh Bansal's Reply to Defendant India Sharad Shah d/b/a India Emporium's Response to Motion to Strike Affirmative Defenses 1 Through 13

John W. Moore      RAJESH BANSAL
John C. Spieske
Moore & Spieske, P.C.
Attorneys for Rajesh Bansal      By: _/s/_
20 S. Clark, Ste. 2210      One Of Her Attorneys
Chicago, IL 60603
(312) 419-1140



## PROOF OF SERVICE

The undersigned, an attorney, certifies that he caused the forgoing NOTICE OF FILING to be served on the following individuals by mailing a copy of this motion, by first class mail from Loop Station, Chicago, Illinois, on February 5, 2004.

William M. Poppe, Esq.
Poppe & Bhouraskar, LLP
Suite 7315
350 Fifth Avenue
New York NY 10118

Gerald L. Berlin, Esq
222 N. Columbus Drive
Suite 4102
Chicago, IL 60601

Sharad Shah
23377 Golden Spring Drive
Diamond Bar, CA 91765

John C. Spieske

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC. | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 03 C 7069 |
| ATLANTIC VIDEO, et al. | ) ) | Hon. Amy J. St. Eve |
| Defendants. | ) ) | Magistrate Judge Keyes |
| RAJESH BANSAL, | ) ) | |
| Defendant-Third-Party Plaintiff | ) ) | |
| v. | ) ) | |
| INDIA EMPORIUM, INC., And SHARAD SHAH | ) ) ) | |
| Third-Party Defendants. | ) | |

FILED FEB X 5 2004 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

DOCKETED FEB 06 2004

**DEFENDANT, THIRD-PARTY PLAINTIFF RAJESH BANSAL'S REPLY
TO DEFENDANT INDIA SHARAD SHAH d/b/a INDIA EMPORIUM'S
RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES 1 THROUGH 13**

Defendant, Third-Party Plaintiff, Rajesh Bansal ("Movant"), by her attorneys John W. Moore and John C. Spieske of Moore & Spieske, P.C., and in reply to the response to Third-Party Defendant Sharad Shah d/b/a India Emporium ("Shah") to Rajesh Bansal's motion to strike affirmative defenses 1 through 13 pursuant to Fed. R. Civ. P. 12(f), states as follows:

**A. TIMELINESS OF MOTION TO STRIKE PURSUANT TO Fed. R. Civ. P. 12(f)**

Shah argues that the motion to strike was filed untimely. In relevant part, 12(f) states:

...upon motion made by a party within 20 days after the service of the

1



> pleading upon the party or upon the courts own initiative at any time, the court may order stricken from any pleading any insufficient defenses...

Fed. R. Civ. P. 12(f).

Fed. R. Civ. P. 12(f) gives unrestricted authority to the district court to strike insufficient defenses. *See* Go-Tane Service Stations, Inc., v. Ashland Oil, Inc., 508 F. Supp. 200, 201-202 n.2 (N.D. Ill. 1981). Therefore, this district has held that the court has the authority to consider a party's motion to strike affirmative defenses even if the motion was not made within the time limits set by 12(f). Id.

As set forth in Movant's motion to strike, Shah's affirmative defenses are no more than a conclusory allegations that fail to provide Movant with fair notice of the defenses and do not provide her with an opportunity to rebut the affirmative defenses. The affirmative defenses are insufficient and should be stricken.

### B. A SHOWING OF PREJUDICE

Shah next argues that the motion to strike should be denied because she has not shown that she will be prejudiced if her motion is not granted. As set forth in the motion to strike, the purpose of Fed. R. Civ. P. 8(c) is to give the opposing party fair notice of the affirmative defense and a chance to rebut it. Servpro Industries, Inc. v. Schmidt, 905 F. Supp. 475, 483 (N.D.Ill 1995). Affirmative defenses based on deficient allegations cannot give the party against whom they are raised fair notice of the issues. Id. Shah's failure to give Movant fair notice and thus the ability to rebut is clearly prejudicial. Movant would be stuck guessing as to the basis of the affirmative defenses. This is why this district has held that if an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations' it must be stricken." Flasza v. TNT

Holland Motor Express, Inc., 155 F.R.D. 612, 613-614 (N.D. Ill. 1994).

Movant will be clearly prejudiced by the denial of her motion, therefore it should be granted.

## C. THE DISFAVOR OF MOTIONS TO STRIKE AND JUDICIAL ECONOMY

Shah states "that motions to strike affirmative defenses are generally disfavored by the courts because of its potential dilatory tactic" and then cites United States v. 416.81 Acres of Land etc. and Mercantile National Bank of Indiana, 514 F.2d 627 (7th (Cir. 1975) as his authority. He then concludes that courts "recognize the uselessness of such a motion." (*See* Opposition to Motion to Strike Third Party Plaintiff's Affirmative Defenses; Memorandum of Points and Authorities in Support Thereof, at Pg. 4). Shah's argument is rebutted by the very case he cites. In 416.81 Acres of Land etc. and Mercantile National Bank of Indiana, the Seventh Circuit affirmed the district courts striking, pursuant to Fed. R. Civ. P. 12(f), all of the defenses raised by the appellant before trial. In doing so, the appellate court stated:

> ...although it is said that a motion to strike a defense as insufficient is 'not favored' by the courts because of its potential as a dilatory tactic, ... it is nonetheless 'a useful and appropriate tool' for weighing the legal implications to be drawn from uncontroverted facts. In this regard a Rule 12(f) motion 'admits only facts well pleaded and, and mere conclusions of law not warranted by the asserted facts have no efficacy.

United States v. 416.81 Acres of Land etc. and Mercantile National Bank of Indiana, 514 F.2d 627, 631 (7th Cir. 1975) (citations omitted). Shah alleged no facts, he simply plead legal conclusions.

This District has held that even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, an allegation must include either direct or inferential allegations respecting all material elements of the claim asserted and that bare legal conclusions attached to narrated facts will not suffice. Reynolds v. S.R.G. Restaurant Group, Chicago, LLC, D/B/A The Whiskey Bar and

3

Grill, 199 F. Supp. 800, 802(N.D. Ill. 2000). Shah did not even give us the opportunity to consider attached narrated facts. He simply added a laundry list of legal conclusions headed as affirmative defenses to the admissions and denials of his answer.

Movant is completely in favor of moving this litigation forward in an efficient, economical fashion. She cannot do so, however, until Shah gets his pleadings in order.

**WHEREFORE**, Defendant, Third-Party Plaintiff, Rajesh Movant, prays that this Court strike affirmative defenses 1 through 13 of Third-Party Defendant India Sharad Shah d/b/a India Emporium and grant her such other or further relief as it deems proper.

RAJESH BANSAL

By: _____
One Of Her Attorneys

John W. Moore
John C. Spieske
Moore & Spieske, P.C.
Attorneys for Rajesh Bansal
20 S. Clark, Ste. 2210
Chicago, IL 60603
(312) 419-1140

4

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he caused the forgoing DEFENDANT, THIRD-PARTY PLAINTIFF RAJESH BANSAL'S REPLY TO DEFENDANT INDIA SHARAD SHAH d/b/a INDIA EMPORIUM'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES 1 THROUGH 13 to be served on the following individuals by mailing a copy of this motion, by first class mail from Loop Station, Chicago, Illinois, on February 5, 2004.

William M. Poppe, Esq.
Poppe & Bhouraskar, LLP
Suite 7315
350 Fifth Avenue
New York NY 10118

Gerald L. Berlin, Esq
222 N. Columbus Drive
Suite 4102
Chicago, IL 60601

Sharad Shah
23377 Golden Spring Drive
Diamond Bar, CA 91765

John C. Spicske

5