# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7069 | DATE | 5/27/2004 |
| CASE TITLE | Yash Raj Films (USA) Inc vs. Atlantic Video, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT-THIRD PARTY PLAINTIFF'S MOTION TO STRIKE.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAY 28 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 47 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC., | ) | |
| Plaintiff, | ) ) ) | Case No. 03 C 7069 |
| v. | ) ) | Judge Mark Filip |
| ATLANTIC VIDEO, et al., | ) ) | |
| Defendants. | ) ) | |
| RAJESH BANSAL, | ) ) | |
| Defendant-Third Party Plaintiff, | ) ) | |
| v. | ) ) | |
| INDIA EMPORIUM, INC., AND SHARAD SHAH, | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |

DOCKETED
MAY 28 2004

## MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT-THIRD PARTY PLAINTIFF'S MOTION TO STRIKE

Before the Court is Defendant-Third Party Plaintiff Rajesh Bansal's ("Bansal") motion to strike all of Third-Party Defendant Sharad Shah's ("Shah") affirmative defenses. Bansal variously alleges that the affirmative defenses do not meet the pleading requirements of Fed. R. Civ. P. 8(a) ("Rule 8(a)"), that they are conclusory allegations, and that they are not affirmative defenses under Fed. R. Civ. P. 8(c) ("Rule 8(c)").[1] As explained below, the Court grants the

---

[1] It appears that Bansal's motion to strike may not have been timely under Fed. R. Civ. P. 12(f) ("Rule 12(f)"). However, "Rule 12(f) 'gives unrestricted authority to the district court to strike insufficient defenses.'" *Go-Tane Serv. Stations, Inc. v. Ashland Oil, Inc.*, 508 F. Supp.

motion to strike affirmative defenses one through six, eight through eleven, and thirteen. The Court denies the motion to strike affirmative defenses seven and twelve.

## BACKGROUND

Plaintiff, Yash Raj Films (USA), Inc., alleges in its first amended complaint that it is the owner of the copyrights and/or exclusive license rights of certain Indian films.[2] (D.E. 9, ¶ 49.) Plaintiff alleges that Defendant-Third Party Plaintiff, Bansal, has made, copied, purchased, sold, rented and/or distributed unauthorized "pirate" copies of Plaintiff's films, in some cases using Plaintiff's name or logo on the package. (*Id.* ¶ 65.) The complaint further alleges that Bansal has not obtained any assignment, license, authorization, permission or consent to any rights to Plaintiff's films. (*Id.* ¶ 71.)

Bansal alleges in the Third Party Complaint that Shah is in the business of selling DVDs of Indian films and music and that Bansal has purchased DVDs of Indian films and music from Shah. (D.E. 17, ¶ 8,9.) Bansal purchased from Shah items which Plaintiff, Yash Raj Films, alleges infringe its copyrights and trademarks. (*Id.* ¶ 9). Bansal alleges that every sale by Shah contained an implied warranty of non-infringement under section 312 of article two of the Uniform Commercial Code ("U.C.C."), which is incorporated into Illinois law as 810 ILCS 5/2-312. (*Id.* ¶ 10.) In addition, Bansal alleges that, upon specific inquiry, Shah represented that the goods sold by Shah were non-infringing. (*Id.* ¶ 11.) Bansal contends that this constituted an express warranty by Shah under section 313 of article two of the U.C.C., which is incorporated

---

200, 201-02 (N.D. Ill. 1981) (quoting *United States v. 416.81 Acres of Land*, 514 F.2d 627, 630 n.3 (7th Cir. 1975)).

[2] Yash Raj filed a second amended complaint after the motion addressed in this decision; however, the amended complaint does not impact the analysis of the Court.

into Illinois law as 810 ILCS 5/2-313. (*Id.*) Bansal further alleges that pursuant to sections 312 and 313 of article two of the U.C.C., Shah has a duty to defend and indemnify Bansal against some or all of the claims of Plaintiff. (*Id.* ¶ 12.)

Shah generally denies the allegations of the Third-Party Complaint and sets forth thirteen affirmative defenses. (D.E. 19.) Shah asserts failure to state a cause of action, declaratory relief, ratification, waiver, estoppel, laches, failure to mitigate damages, unclean hands, statute of limitations, intentional conduct, apportionment of fault, set off, and Fed. R.Civ. P. 11 ("Rule 11") as affirmative defenses, respectively. (*Id.* at 3-7.)

## DISCUSSION

Bansal objects to affirmative defenses one and three through twelve (failure to state a claim, ratification, waiver, estoppel, laches, failure to mitigate damages, unclean hands, statute of limitations, intentional conduct, apportionment of fault, and set off) based on a contention that they are conclusory allegations that fail to provide fair notice of the defense. (D.E. 22, ¶ 8-43.) Bansal objects to affirmative defenses two, declaratory relief, and thirteen, Rule 11, based on the contention that they are not matters which constitute an avoidance or affirmative defense as set forth in Rule 8(c). (*Id.* ¶ 11, 45.) Bansal further objects to affirmative defense thirteen (generically asserting an undefined Fed. R. Civ. P. 11 violation), contending that it does not comply with Rule 11(c)(1)(A) in that it is not presented in a separate motion and does not describe the specific conduct alleged to violate Rule 11(b). (*Id.* ¶ 46.) The Court agrees that affirmative defenses one through six, eight through eleven, and thirteen are inadequate, as further explained below.

The purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense

3

and a chance to rebut it. *See Servpro Indus. Inc. v. Schmidt*, 905 F. Supp. 475, 483 (N.D. Ill. 1995) (collecting authorities). Rule 8(c) provides that a party must set forth affirmative defenses in a responsive pleading. These pleadings are subject to all pleading requirements of the Federal Rules of Civil Procedure. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The Court may strike from any pleading any insufficient defense. *See* Fed. R. Civ. P. 12(f). Affirmative defenses must set forth a "short and plain statement" of the basis for the defense. Fed. R. Civ. P. 8(a); *accord Heller*, 883 F.2d at 1294. However, an allegation must include either direct or inferential allegations respecting all material elements of the defense asserted. *See, e.g., Renalds v. S.R.G. Rest. Group*, 119 F. Supp. 2d 800, 802 (N.D. Ill. 2000) (collecting authorities). Simply naming a legal theory without indicating how it is connected to the case at hand is not sufficient to withstand a motion to strike. *Id.* at 803.

Courts generally disfavor motions to strike affirmative defenses because they potentially serve only to cause delay. *See Heller*, 883 F.2d at 1294. However, the courts should strike affirmative defenses where they are mistitled, or redundant—*see, e.g., Renalds*, 119 F. Supp. 2d at 802—or where they create unnecessary clutter. *See, e.g., Heller*, 883 F.2d at 1294. This district has followed a three-part test in examining affirmative defenses subject to a motion to strike, requiring that: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge. *See, e.g., Renalds*, 119 F. Supp. 2d at 802-3 (collecting authorities).

A.      First and Ninth Affirmative Defenses

Affirmative defense one, failure to state a claim, requires a short and plain statement of the basis for the defense as is set forth in Rule 8(a). Defenses which are bare bones legal conclusions are not sufficient to survive a motion to strike. *See Heller*, 883 F.2d at 1295; *Builder's Bank v. First Bank & Trust Co. of Ill.*, No.03-4959, 2004 WL 626827, at *3 (N.D. Ill. Mar. 25, 2004) (collecting cases). Shah's first affirmative defense is a boilerplate legal conclusion and does not specify reasons why Bansal failed to state a claim. Similarly, affirmative defense nine, relating generically to statute of limitations issues, fails to state the statute of limitation period relied on or any other information regarding how the statute of limitations bars the claim. It is not even clear what state's law Shah purports to invoke when he offers incomplete citations to the "Code of Civil Procedure" in Shah's otherwise conclusory averment. These two defenses are impermissible conclusory statements. The Court grants the motion to strike affirmative defenses one and nine without prejudice.

B.      Third through Sixth and Eighth Affirmative Defenses

Affirmative defenses three through six and eight, (ratification, waiver, estoppel, laches, and unclean hands, respectively) are equitable defenses that must be pled with the specific elements required to establish the defense. *See, e.g., Fluor Corp. v. Ill Power Co.* 326 F.2d 374, 377-78 (7th Cir. 1964); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 738-39 (N.D. Ill. 1982). These defenses require at least some direct or inferential allegations as to each element of the defense asserted. *See Builder's Bank*, 2004 WL 626827, at *5. Courts have set forth specific pleading standards for the defenses of waiver, estoppel, and laches and have "consistently struck these defenses where they are insufficiently pled." *Id.*, at *6. In addition, stringing together a list

of legal defenses is not sufficient to satisfy Rule 8(a). *Id.* Shah has not provided the sufficient elements or allegations to establish these affirmative defenses. The Court grants the motion to strike affirmative defenses three through six and eight without prejudice.

C. Tenth and Eleventh Affirmative Defenses

Affirmative defense ten, intentional conduct, and eleven, apportionment of fault, in addition to being legal conclusions, are defenses which need not be plead to be proved. Under federal law, affirmative defenses generally admit the matters in a complaint but nevertheless assert facts that would defeat recovery. *See, e.g., Bobbitt,* 532 F. Supp. at 736. Affirmative defense ten, intentional conduct, operates to reduce liability on a comparative fault basis or operates as a denial of liability altogether, and as such, does not qualify as an affirmative defense. *See Fed. Deposit Ins. Corp. v. Haines,* 3 F. Supp. 2d 155, 166 (D. Conn. 1997). Causation is necessarily an element of the Plaintiff's case in chief. *Id.* Likewise, affirmative defense eleven, apportionment of fault, is a denial and claim that others are responsible. Matters that clearly are not affirmative defenses should be stricken. *See, e.g., Bobbitt,* 532 F. Supp. at 737. If the matter is put into issue by a denial, there is no need to insert a putative affirmative defense. *Id.* The Court grants the motion to strike affirmative defenses ten and eleven with prejudice.

D. Second and Thirteenth Affirmative Defenses

Affirmative defense two, declaratory relief, and thirteen, Rule 11, do not qualify as affirmative defenses. Affirmative defense two is a denial of responsibility and request for relief without details or allegations explaining why declaratory relief for Shah is warranted. A declaratory request for declaratory relief is not a matter which constitutes an avoidance or affirmative defense as set forth by Rule 8(c). This affirmative defense is both unnecessary and

inappropriate because the assertion is already put into issue by the denial in Shah's answer. *See, e.g., Renalds*, 119 F. Supp. 2d. at 804 (collecting cases). Affirmative defense thirteen, alleging an unspecified violation of Rule 11, is improper and does not qualify as an affirmative defense. Rule 11 requires that this allegation be brought as a separate motion at the appropriate time. *See* Fed. R. Civ. P. 11(1)(A). The Court grants the motion to strike affirmative defenses two and thirteen with prejudice.

E. Seventh and Twelfth Affirmative Defenses

Affirmative defense seven, failure to mitigate damages, may be a partial defense pled affirmatively. *See generally* 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1273 (2d ed.1990). The pleading sufficiently informs Bansal of the issue raised and it would be unreasonable to expect Shah to have detailed information about mitigation at this early stage of litigation. *See Cohen v. Taco Bell*, No. 92-5852, 1995 WL 247996, at *5 (N.D. Ill. Apr. 24, 1995). Shah may be able to prove facts to support this defense. Likewise, affirmative defense twelve, set off, withstands the motion to strike. Shah may be able to prove facts to support this defense but, at this point in the litigation, Shah does not have access to information that would enable Shah to state such a defense with more particularity. In addition, set off raises an issue not raised in Shah's answer and places Bansal on notice of the potential defense. The Court denies the motion to strike affirmative defenses seven and twelve.

## CONCLUSION

For the foregoing reasons, the motion to strike affirmative defenses one through six, eight through eleven and thirteen is granted. Affirmative defenses one, three through six, and eight through nine are stricken without prejudice. Affirmative defenses two, ten, eleven, and thirteen are stricken with prejudice. The motion to strike affirmative defenses seven and twelve is denied.

So Ordered.

*/s/ Mark Filip*

------------------------------

Mark Filip
United States District Judge
Northern District of Illinois

Dated: *May 27, 2004*