IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUN 1 4 2005
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| YASH RAJ FILMS (USA) INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 03 C 7069 |
| ) | |
| ATLANTIC VIDEO, et al., ) | Hon. Mark Filip |
| ) | |
| Defendants. ) | Magistrate Judge Keyes |
| _____) | |
| RAJESH BANSAL, ) | |
| ) | |
| Defendant-Third-Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| INDIA EMPORIUM, INC., And ) | |
| SHARAD SHAH ) | |
| ) | |
| Third-Party Defendants. ) | |

## MEMORANDUM OF LAW OF THIRD PARTY PLAINTIFF RAJESH BANSAL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

### Factual Background

Plaintiff Yash Raj (USA), Inc., alleges in its amended complaint that it is the owner of or has the exclusive rights to certain South Asian films. (Plaintiff's Amended Complaint) Rajesh Bansal operates Star Video on Devon Avenue in Chicago and sells, among other things, South Asian videos and music DVDs. (Plaintiff's Amended Complaint, Bansal Declaration) In October of 2003, Yash Raj obtained a civil seizure order and, accompanied by U.S. Marshals, raided Star Video and seized 27 VHS tapes and 181 DVDs. (Poppe Declaration[1], Bansal Declaration) Yash

---

[1] "Supplemental Declaration of William M. Poppe In Support Of Plaintiff's Ex Parte Application For An Order of Seizure And Impoundment, Temporary Restraining Order And Order To Show Cause Re: Preliminary Injunction," hereinafter referred to as "Poppe Declaration"

Raj contends that all of the items seized from Star Video were counterfeit and infringed its copyrights. (Poppe Declaration) All of the DVDs seized were purchased from Third Party Defendant Sharad Shah (Bansal Declaration), a citizen of California, who does business under the name of India Emporium (Answer to Third Party Complaint). Prior to October 2003, Shah is an authorized wholesaler of plaintiff's DVDs (Poppe Declaration) Shah had specifically represented to Bansal on numerous occasions that Shah's goods were genuine and not counterfeit. In its complaint, Yash Raj sought statutory damages in excess of $150,000.00 from Bansal. Bansal filed a third-party complaint against Shah d/b/a India Emporium seeking indemnification under sections 2-312 and 2-313 of the Uniform Commercial Code seeking alleging a breach of the implied warranty of non-infringement (Section 2-312) and a breach of Shah's express warranty that the goods were genuine and not counterfeit (Section 2-313). Bansal settled with plaintiff for $32,500.00 after expending $5,746.00 in legal fees defending this action. (Bansal Declaration) Bansal now moves for summary judgement on her third-party complaint against Shah.

## Argument

1. <u>Breach of Warranty of Non-Infringement</u>

Summary judgment is proper only if there is no issue of material fact. *McGraw-Edison Company v. Walt Disney Productions,* 787 F.2d 1163, 1167 (7th Cir. 1986) This is such a case. Third party defendant Sharad Shah operates India Emporium in California and has sold videos to third party plaintiff Rajesh Bansal, a citizen of Illinois.[2] Each such sale contained an implied warranty of non-infringement. Both California and Illinois have adopted Article 2 of the Uniform

---

[2] The issue of whether subject matter jurisdiction over this third party complaint survived after Bansal settled with plaintiff for $32,500.00 has been previously addressed. *See*, Third-Party Plaintiff Rajesh Bansal's Memorandum In Support of Subject Matter Jurisdiction (submitted pursuant to the Court's order of April 27, 2004).

Commercial Code ("UCC"). Section 2-312(3) of the UCC provides:

> (3) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless against any such claim which arises out of compliance with the specifications.

810 ILCS 5 2-312(3); Cal Com. Code §2312(3).

The UCC's warranty of non-infringement applies to claims of copyright infringement. *Dolori Fabrics, Inc. v. Limited, Inc.*, 662 F. Supp. 1347, 1358 (S.D.N.Y. 1987). In her affidavit, Rajesh Bansal has unequivocally stated that the infringing DVDs (though not the VHSs) came from Shah. Similarly, there can be no question that Shah "is a merchant regularly dealing in goods of the kind." The invoices attached to Ms. Bansal's affidavit show that Shah has sold hundreds of DVDs to Bansal alone. Additionally, in Exhibit I to the Poppe Declaration plaintiff Yash Raj identifies Shah India Emporium as one of its authorized distributors. Bansal is entitled to indemnification for the portion of the settlement costs and costs of defense of this action attributable to Shah's breach of the warranty of non-infringement.

2. Breach Of Express Warranty

On numerous occasions, Ms. Bansal sought Shah's reassurance that the goods he was selling her were genuine. On every occasion, he gave her this assurance. In fact, according to Plaintiff, the goods were not genuine. This was a breach of an express warranty. Section 2-313 of the UCC, which has been adopted by both California and Illinois, provides.

> (1) Express warranties by the seller are created as follows:
>
> (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
>
> (b) Any description of the goods which is made part of the basis of the bargain

creates an express warranty that the goods shall conform to the description.

....

(2) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

810 ILCS 5/2-313; Cal. Com. Code §2313. Mr. Shah's repeated reassurances constitute "affirmation[s] of fact or promise[s]" upon which Ms. Bansal was entitled to rely. The goods did not confirm to those affirmations or promises; therefore, Ms. Bansal is entitled to indemnification for her costs of settlement and costs of defense.

3. Calculation Of Damages

Ms. Bansal does not contend that all of the seized items were purchased from Shah. Twenty-seven items of the 208 items seized were not purchased from Shah. However, 87% of the items were purchased from Shah. The settlement agreement does not break down the $32,500.00 payment into individual items of damage and there does not appear to be any reason to differentiate between a DVD disk and a VHS tape. Applying the 87% figure to the settlement amount yields $28,275.00. Similarly, applying the 87% figure to $5,746.00 in legal fees yield $4,999.00. Thus, Bansal seeks judgment against Shah in the amount of $33,274.00.

## Conclusion

For the forgoing reasons third party plaintiff Rajesh Bansal is entitled to summary judgment in her favor and against Sharad Shah in the amount of $33,274.00.

Respectfully submitted,

**RAJESH BANSAL**

By: *[signature]*

One Of Her Attorneys

John W. Moore
Attorney for Rajesh Bansal
20 S. Clark, Ste. 2210
Chicago, IL 60603
(312) 419-1140

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he caused the forgoing MEMORANDUM OF LAW OF THIRD PARTY PLAINTIFF RAJESH BANSAL IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT to be served on the following individuals by mailing a copy of this motion, by first class mail from Loop Station, Chicago, Illinois, on June 14, 2005.

William M. Poppe, Esq.
Poppe & Bhouraskar, LLP
Suite 7315
350 Fifth Avenue
New York NY 10118

Sharad Shah
23377 Golden Spring Drive
Diamond Bar, California 91765

_____
John W. Moore