# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED
JUN 28 2005 WH
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03 C 7069 |
| | ) | |
| ATLANTIC VIDEO, et. al., | ) | Hon. Judge MARK FILIP |
| | ) | |
| Defendants. | ) | Magistrate Judge KEYES |
| | ) | |
| RAJESH BANSAL, | ) | |
| | ) | |
| Defendant-Third Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIA EMPORIUM, INC., and | ) | |
| SHARAD SHAH, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## MOTION TO STRIKE DECLARATION OF RAJESH BANSAL

The Third-Party Defendant SHARAD SHAH moves the Court, based on F.R.Civ.P. 56(e), to strike in its entirety the undated Declaration of Third-Party Plaintiff RAJESH BANSAL (attached hereto as Exhibit "A"), filed about June 13, 2005 in support of her Motion for Summary Judgment on grounds that the Declaration fails to comply with any of the requirements of F.R.Civ.P. 56(e), as set out below.

### I. RULE REQUIREMENTS

The Rule states, in relevant part:

> **(e) Form of Affidavits.** Supporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers . . . referred to in an affidavit shall be attached thereto or served therewith. * * *

A summary judgment deprives the party against which it is granted of its right to present witnesses and have a determination of the case by a trier of fact (judge or jury), and also of its opportunity to cross examine adverse witnesses.[1] Consequently more stringent requirements of support are imposed on the moving party[2], and courts have some reluctance to bypass a trial. When affidavits are relied on, they replace live testimony and must, as much as practicable, become a substitute for a cross-examined witness.[3] So cases encourage supplementation of affidavits with "more reliable forms of proof."[4] And the requirements of Rule 56(e) are considered mandatory.[5] Third-Party Plaintiff RAJESH BANSAL's Motion is based almost entirely on her own self-serving[6] Declaration, which fails virtually every one of the Rule 56(e) requirements, specifically:

1) affirmative showing of affiant **competence** regarding the maters stated;
2) **personal knowledge** of the affiant;
3) statements of **specific facts admissible in evidence;**
4) [not contradicted or inconsistent with other evidence]; and
5) supported by attachment of **sworn or certified copies of papers** referred to.

The burden of proof is on the party moving for a summary judgment to show that there remains no issue of material fact, to enable the court to decide the motion strictly as a matter of law.[7] The responding party is entitled to all favorable inferences.[8]

---

[1] 10B Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* (1998) [hereafter "Wright & Miller"], § 2738, at 333-34
[2] Wright & Miller, § 2738, at 343-4, ns.27 & 29
[3] Wright & Miller, § 2738, at 333 n.9; *Cudahy Packing Co. v. U.S.*,37 F.Supp. 563, 569 (N.D. Ill. 1941, Woodward, J.); rev'd. on other grounds, 126 F.2d 429 (7th Cir. 1942), cert. den. 328 U.S. 849
[4] Wright & Miller, § 2738, at 327
[5] Wright & Miller, § 2738., at 328 n3; *Toro Co. v. Krouse, Kern & Co.*, 827 F.2d 155, 163 (7th Cir., Ind. 1987)
[6] *The American Securit Co. v. Hamilton Glass Co.*,254 F.2d 889, 894 (7th Cir. 1958); *Buie v. Quad Graphics, Inc.*, 366 F.3d 496, 504-06 (7th Cir. Wis., 2004) (self-serving affidavits may be considered in support of a motion for summary judgment to the extent that they are "supported by facts in the record")
[7] Wright & Miller, § 2738, at 342, n.24; & 10A, § 2727; *Celotex Corp.v. Catret*, 477 U.S. 317, 323; 106 S.Ct. 2548, 2553; 91 L.Ed.2d 265, 274 (1986)
[8] Wright & Miller, § 2738, at 342-4, ns.28 & 25, citing *Prudential Insurance Co. of America v. Curt Bullock Builders, Inc.*, 626 F.Supp. 159, 164 (N.D. Ill., 1985, Moran, J.); *Moutoux v. Gulling Auto Electric, Inc.*, 295 F.2d 573, 576 (7th Cir., Ill. 1961)

## II. APPLICATION OF REQUIREMENTS TO BANSAL DECLARATION

1.a. <u>Competence -- Failure to identify Declarant</u>[9] There is no identification of Rajesh Bansal by address, age, or relationship to the Star Video business. There is no identification of Star Video by origin (history), legal status (proprietorship, corporation, etc.) or state of creation, business address, or relationship to its trade or industry, and no indication whether persons other than Rajesh Bansal are employed there.

1.b. <u>Competence -- Qualifications to testify</u>[10] No foundation is provided regarding Ms. Bansal's education, her experience, her legal position with Star Video (such as owner, president, sales manager, etc. -- she states only, at ¶1, that she "operates [it] in Chicago"), the duration of her relationship to Star Video, or an explanation of how she came to have personal knowledge of the facts stated in her Declaration.

2. <u>Personal knowledge</u>[11] Ms. Bansal makes no statement or claim that her Declaration is based on direct or personal knowledge, she fails to explain how she came to have access to or possession of the information stated, and she includes no information from which it can be determined that she has first-hand knowledge of the maters stated. .

3. <u>Authentication of exhibits</u>[12] Attached as "Group Exhibit A" are 49 "true copies" of papers, completed in unidentified handwriting, on identical India Emporium

---

[9] Information which would normally be developed in testimony from a witness in direct and cross examination at a deposition and at any trial.
[10] Rule 56(e) requires the moving party to show "affirmatively" that an affiant is competent; Wright & Miller, § 2738, 328 n. 3, citing *U.S. v. Hangar One, Inc.*, 563 F.2d 1155 (5th Cir. 1977); *The American Securit Co*, supra, 254 F.2d at 893 ("Inasmuch as summary judgment procedure lacks the safeguard of cross-examination of an affiant, it is important that it be shown that he is competent to testify to the maters therein stated ....")
[11] Wright & Miller, § 2738, 345-46, n. 32, citing many cases, including *Ashwell & Co. v. Transamerica Insurance Co.*, 407 F.2d 762, 766 (7th Cir. 1969) ("...Pritchard's statement as to Transamerica's intention does not set forth a specific fact shown to be within Pritchard's personal knowledge as required by Rule 56(e). . . ."); *The American Securit Co*, supra, 254 F.2d at 894 ("McCoy does not in his affidavit or otherwise reveal how he knew these facts."); *Prudential Insurance Co.* supra., 626 F.Supp. at 164 (disregarding affidavits based on their "argumentative and conclusory nature.")
[12] Rule 56(e) requires the moving party to attach "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit . . ." *Rogers v. Ford Motor Co.*, 952 F.Supp 606, 611 (N.D. Ind. 1997) ("In the present case, neither document submitted by the plaintiffs and attached to their response has been authenticated by affidavit or otherwise verified."); and *The American Securit Co*, supra, 254 F.2d at 894 (rejecting exhibits for lack of any certification or other information --which the court was left to "assume.")

3

invoice forms, and dated over a period of about 21 months (February 2002 through September 2003). (There is also one sheet, Exhibit No. A-00046, containing a list in an unidentified hand, and not otherwise referred to.) No foundation is provided for the invoices regarding their creation, sending, receiving, an identification of custodian(s), or their retention as business records, pursuant to regular or customary business practices. Most important, no facts are provided by which the invoices can be related to the 208 DVDs seized for the Plaintiff; the Bansal Declaration simply assumes a relationship.

4.a. <u>Facts admissible according to rules of evidence[13] -- seized DVDs</u> The Declarant makes a simple conclusory claim that all DVDs seized were "purchased from Sharad Shah d b a India Emporium" [by Star Video] (at ¶ 2, implying but not stating that **all** Star Video DVDs came from India Emporium, and at ¶ 5, that all seized pirate DVDs "shown on Exhibit B" came from India Emporium). Again, no information is included to demonstrate that Ms. Bansal would know these facts or how she learned them, who else could verify the information, or to associate DVDs acquired 21 months earlier with those seized on October 8, 2003.

4.b. <u>Facts admissible according to rules of evidence -- conversations</u> Ms. Bansal states that she had many contacts with Mr. Sharad Shah: he "regularly solicited" her purchases (at ¶3), and answered her "numerous" inquiries as to whether his goods were "non-counterfeit" (at ¶4). But she fails to provide the required foundation for such evidence, such as: any estimated number of occasions, even one specific date, the mode of contact (in person, by wire, etc.), whether she has ever met Sharad Shah, whether she recognized his voice (telephone) or appearance (can she describe him ?), whether she is aware of other Shahs in his firm, whether she had contacts with other Shahs, whether she could distinguish them from each other, and whether third persons were parties to any of her contacts. (Mr. Shah's Declaration states that several Shah family members have been employed at India Emporium from before 1987, at ¶3)

---

[13] Wright & Miller, § 2738, 335-36 n. 13 (affidavit statements and exhibits must be admissible pursuant to the Federal Rules of Evidence), citing many cases including *The American Securit Co.* supra, 254 F.2d at 893 ("It is the policy of rule 56(e) to allow the affidavit to contain evidentiary matter, which if the affiant were in court and testified on the witness stand, would be admissible as part of his testimony"); *Prudential Insurance Co.* supra., 626 F.Supp. at 164 ("Under Fed.R.Civ.P. 56(e) . . . affidavits . . . are restricted to maters which would be admissible in evidence.")

5.a. <u>Disputed matters -- errors</u>[14] Either Ms. Bansal never obtained business information from the California Secretary of State, or she has misstated it. Her Declaration refers (at ¶2) to "Shared [sic] Shah d/b/a India Emporium." Elsewhere she states that "India Emporium, Inc. is a suspended California business corporation" (Third Party Complaint, ¶ 5), and that "Shah operates India Emporium as a sole proprietorship" (Motion For Summary Judgment, at ¶3, and Statement of Undisputed Material Facts, at ¶3). She attaches 49 invoices as "Group Exhibit A," without mentioning that certain of the exhibits have had information added by hand after they had left India Emporium.

5.b. <u>Disputed matters -- inconsistencies</u> A number of her factual assertions are contradicted by Sharad Shah in his Declaration in opposition to her motion, as follows: other employees and not Sharad Shah handled sales contacts with Star Video (Shah Declaration, ¶7); India Emporium never shipped counterfeit copies of Yash Raj titles to Star Video (at ¶8); and Ms. Bansal never inquired of Mr. Shah whether his goods were counterfeit, so he never responded that the were not (at ¶9).

## III. CONCLUSIONS

If Ms. Bansal could obtain a summary judgment based on her Declaration, then the Third-Party Defendant would be precluded from cross examining her about the details of her claimed contacts with the India Emporium business. It would also miss the opportunity to question her about other important maters she omits, such as her knowledge of counterfeit and pirate goods, her sources other than India Emporium from which she received illegal goods, later confiscated together with the DVDs involved in this case. The skeletal Declaration she relies on for summary judgment should not enable her to avoid such questioning.

---

[14] *The American Securit Co.*, supra, 254 F.2d at 892 ("From our examination of the entire record, . . . there are direct contradictions in the evidence . . . as well as situations appearing from established facts where different inferences cas be drawn. . . . Summary judgment is foreclosed in such a situation.")

The Bansal Declaration deals with the central issue of the Third Party Complaint, namely: identity of the source of pirate DVDs seized from the premises of Star Video. The Declaration depends entirely upon the credibility of Rajesh Bansal, who has already settled claims of piracy against her by Yash Raj Films and is now seeking to obtain payment from another source.

WHEREFORE, Third-Party Defendant requests that the Declaration of Third-Party Plaintiff RAJESH BANSAL be stricken in its entirety pursuant to Federal Rule of Civil Procedure 56(e).

SHARAD SHAH
Third-Party Defendant

By: _/s/ Theodore T. Scudder_

Theodore T. Scudder

Theodore T. Scudder
and Dragan Ivetic
OSTOJIC & SCUDDER
332 S. Michigan Avenue, # 1024
Chicago, IL 60604-4405
Tel.: (312) 913-0860

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| YASH RAJ FILMS (USA) INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 C 7069 |
| | ) | |
| ATLANTIC VIDEO, et al., | ) | Hon. Mark Filip |
| | ) | |
| Defendants. | ) | Magistrate Judge Keyes |
| | ) | |
| RAJESH BANSAL, | ) | |
| | ) | |
| Defendant-Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INDIA EMPORIUM, INC., And SHARAD SHAH | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## DECLARATION OF THIRD PARTY PLAINTIFF RAJESH BANSAL

I, Rajesh Bansal, under penalty of perjury, make the following declaration:

1. I am a citizen of Illinois and operates Star Video in Chicago, Illinois. Star Video deals in South Asian videos, both VHS and DVD..

2. Group Exhibit A, attached hereto, consists of true copies of invoices for DVDs of South Asian films and song compilations which were purchased from Shared Shah d/b/a India Emporium.

3. Prior to October 2003, Shared Shah regularly solicited me to purchase South Asian DVDs from India Emporium.

4. On numerous occasions prior to October 2003, I specifically enquired of Shah as



to whether the goods sold by India Emporium were authorized non-counterfeit goods. On every such occasion, Shared Shah told me that the goods sold by India Emporium were authorized and were not counterfeit.

   5. All of the DVDs shown on Exhibit B were purchased from Shared Shah.
   6. I have incurred $5,746.00 in legal fees defending this action.

                                                               _____
                                                               Rajesh Bansal

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YASH RAJ FILMS (USA) INC., ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ATLANTIC VIDEO, et. al., ) | |
| Defendants, ) | No. 03 C 7069 |
| ) | |
| RAJESH BANSAL, ) | |
| Defendant-Third Party Plaintiff, ) | Hon. Judge MARK FILIP |
| v. ) | |
| ) | Magistrate Judge KEYES |
| INDIA EMPORIUM, INC., and ) | |
| SHARAD SHAH, ) | |
| Third-Party Defendants. ) | |

## NOTICE OF FILING

To: John W. Moore, Esq.  
MOORE & SPIESKE, PC  
20 S. Clark Street, Suite #2210  
Chicago, Illinois 60603  

William M. Poppe, Esq.  
POPPE & BHOURASKAR, LLP  
350 Fifth Avenue, Suite # 7315  
New York, N.Y. 10118  

PLEASE TAKE NOTICE that, on the 28th day of June, 2005, before the hour of 5:00 o'clock p.m., we filed with the Clerk of the U. S. District Court for the Northern District of Illinois, U. S. Courthouse (Dirksen Bldg.), 219 S. Dearborn Street, Chicago, IL, MOTION TO STRIKE DECLARATION OF RAJESH BANSAL, a copy of which is attached and served on you herewith.

_Theodore T. Scudder_  
Theodore T. Scudder

Theodore T. Scudder  
and Dragan Ivetic  
OSTOJIC & SCUDDER  
332 S. Michigan Avenue, # 1024  
Chicago, IL, 60604-4405  
Tel.: (312) 913-0860

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the forgoing Notice of Filing and attached MOTION TO STRIKE DECLARATION OF RAJESH BANSAL were sent to the attorneys named above at the addresses listed for them, by placing them in a properly addressed envelopes, with sufficient postage prepaid, and depositing them with the U. S. Postal Service in its receptacle at 332 S. Michigan Avenue, Chicago, Illinois, on this 28th day of June, 2005.

Theodore T. Scudder

Theodore T. Scudder
and Dragan Ivetic
OSTOJIC & SCUDDER
332 S. Michigan Avenue, # 1024
Chicago, IL. 60604-4405

2